The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oye, oye, oye, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to give their attention for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Recall the first case, United States v. Collington, and just as a little check here, Ms. Zalbro, can you hear me? Yes, sir, I can, Your Honor. Okay, and Ms. Hummel, can you hear me? Yes, Your Honor. All right, we'll hear argument from Ms. Zalbro first and then go on from there. Thank you, Your Honor. It's Kimberly Zalbro here on behalf of the appellant Chuck Collington, and the issue in this case today is how far does the discretionary clause found in Section 404C of the First Step Act extend under the circumstances of this case when there is now no dispute that Mr. Collington was convicted of a covered offense, that the District Court applied Sections 2 and 3 of the First Step Act as if they were in effect at the time Mr. Collington was originally sentenced, and the resulting guideline range is the statutory maximum of 240 months under the First Step Act. In other words, does the discretion allow the District Courts to disregard the statutory maximum limits? I believe, and Mr. Collington submits, that this Court's Chambers decision all but answers the question. Mr. Chambers, like Mr. Collington, was deemed eligible for a sentence reduction under the First Step Act. He was convicted of a covered offense, and Mr. Chambers was no longer a career offender under the intervening retroactive case law. The District Court declined to change the career offender status of Mr. Chambers, and this Court held that the District Court must correct a retroactive guidelines error in a First Step resentencing. Chambers at page 672 said, in effect, the First Step Act makes the sections of the Fair Sentencing Act retroactive. In effect, the error here is the same. It's both a guidelines error, because the guidelines error is the statutory maximum of 240 months. Given the mandatory nature of the statutory maximum in the First Step Act, Mr. Collington makes an even stronger showing that the error in his case should be corrected. There is a limit on the discretion of the District Court, and it was fully outlined in the briefing, so I don't want to go over everything in the brief unless the Court has questions about the limits outlined there. Ms. Alvaro, going back to Chambers, which I'm kind of familiar with, the problem in that case, he was a designated career offender, and then when the First Step Act was passed, he wasn't. And that was really the issue as opposed to the amount of time, wasn't it? That is, that was the issue, is whether he was a career offender. But nonetheless, once the guidelines were recalculated for Mr. Collington, and he had a statutory maximum of 240 months, which, like I said, was also the guideline range, the question becomes whether the First Step Act, under the discretionary clause, would allow the Court to disregard a statutory maximum. And if Chambers found that retroactive guideline errors were correctable, it seems that a statutory limit would certainly be required for the Court to impose in a First Step Act. Do you think that in First Step Act cases, whether or not you're right or wrong on the discretion, that it should be judged for procedural and substantive reasonableness? In other words, even though the judge didn't change his mind, he should at least put some clear reasoning in his decision. That's correct, Your Honor. Since the courts have held, and this Court has held, that the 3553A factors apply, I certainly think that if the District Court, which I believe they did not in this case, fully examined the 3553A factors, that that warrants a remand. Especially, specifically in this case, Mr. Chambers submitted a sentencing memorandum when the Court requested it after, I believe it was after the Sentencing Reduction Report came out, to argue why his sentence should be reduced in accordance with the Sentencing Reduction Report. And he included all of his history of classes and the different things he denied using its discretion. What it perceived as its discretion not to apply the new revised sentence under the First Step Act, but it was done in a text order and nothing was mentioned at all about the mitigating factors that Mr. Collington presented for as a reason for his reduced sentence. Also, I believe it's substantively unreasonable because the whole purpose of the Fair Sentencing Act, and now the First Step Act, is to give relief to those defendants who were harshly punished under the crack laws as they were at the time they were sentenced. So, the mandatory minimums and the statutory maximums were altered to reflect that policy, to give relief from these what have been determined as racially disparate sentences. So, I do believe that applies. I believe the language of the First Step Act supports that discretion is limited on the district court because the as-if language, even in the most conservative of cases, for example, what the government argued in the Chambers case is that the First Step Act is limited only to even if this court has disagreed with that. I believe the Fifth Circuit in Hegwig, which was distinguished in Chambers, also followed the government's position that this as-if term is limited simply to applying the provisions of the First Step Act. Even under those circumstances, there's a new mandatory minimum, I mean, excuse me, a new statutory maximum, which under any other circumstance, as outlined in the briefs, is not within the discretion of district courts. And unless the court has further questions, we would rely on the briefs. All right, thank you, Ms. Albro. Thank you. Ms. Hummel.  Lauren Hummel, on behalf of the United States of America, we ask that you affirm district court's decision declining to reduce Collington's sentence under the First Step Act for two reasons. First, under the plain language of the statute, relief under Section 404 of the First Step Act is discretionary. And second, the district court properly exercised its discretion under the act in declining to reduce Collington's sentence. Turning to the first point, relief under the First Step Act is discretionary. First, the statute specifically uses the word may, which implies a degree of discretion. I don't think you're going to get much argument that it's discretionary. I think the question is whether the court abused discretion. Let me ask you this. If a defendant is sentenced today for drug trafficking in an amount of five, what was it, five kilograms here? Yes, Your Honor. What would be the maximum sentence imposed today? Today, if the defendant were charged with a threshold weight of five kilograms, Your Honor, he would be subject to, as a matter of fact, even greater penalties because he would meet the requirements under Section 841B1A for the tenure minimum. Twenty years, right, today? Yes, Your Honor. Max. Excuse me, Your Honor, no. And the various statutes applicable here have made that change. In other words, to go above the five kilograms, to get a bigger sentence, you have to have 28 kilograms charged, right? No, Your Honor, you would have to have 28 grams. I believe I misunderstood your question. I'm sorry, yes, 28 grams. I'm sorry, yes. All right, so the various statutes made that change retroactive, right? Yes, Your Honor. So that this defendant had to be sentenced under 841 with a threshold of five grams with a maximum sentence of 20 years. And if a judge sentences you above 20 years for that violation, it'd be an illegal sentence, wouldn't it? If the court were to impose a sentence today, yes, Your Honor, that would be an illegal sentence. And if you impose when you make something retroactive, that means that same rule was sentenced. No, Your Honor. At the time Mr. Collington was sentenced, his statutory maximum was 40 years. Of course, but that was changed retroactively. What does it mean to be retroactive? Here under the First Step Act, it means that the courts can give the defendant the relief that Congress has provided within their discretion as the First Step Act notes. My question is to make something retroactive means that it was applicable then as it is now. Your Honor, I would submit that. Is that right? I would submit that. Give me your definition of retroactive. Your Honor, retroactive would imply that it predates so that the defendant can receive the more than 20 years under the statute, right? That is correct, Your Honor. Statute of conviction, that's what we look at. Worsening says we focus on the statute of conviction. Yes, Your Honor. And the statute of conviction applicable here has a maximum of 20 years, both now and retroactively when he was sentenced. Not when he was sentenced, Your Honor. He was subject to a maximum of 40 years. Of course, he was at that time, but they changed the law and then they say it's retroactive, right? Under the First Step Act, it's not required to be mandatorily retroactive. It, in effect, allows the defendants to receive that relief, but it is not mandatorily retroactive, which is... What was the act that changed the law? The act that changed the law was the Fair Sentencing Act. Fair Sentencing Act. Yes, Your Honor. And that act was made retroactive, right? The Fair Sentencing Act was governed by Section 404 of the First Step Act. No, I said, was it made retroactive? It was not made mandatorily retroactive, Your Honor. I didn't ask mandatorily. I said, was it made retroactive? Under the First Step Act, under your definition, Your Honor, I don't believe it was. Under the First Step Act... Don't the sentencing guidelines have a maximum sentence of what the statute provides, and the sentencing guideline was made retroactive? Your Honor, I don't believe the sentencing guideline was made retroactive in this case. It's your position that the 20-year maximum for the statute in this case was not retroactive. Is that your position? That's correct, Your Honor. It is discretionary, and if Carver's had decided to make it... No, that's two different concepts. Two different concepts, because if it was made retroactive, then to issue a sentence beyond the statute is an illegal sentence, and a judge who imposes an illegal sentence or lets one stand as a matter of law would be abusing discretion. A judge can't enter an illegal sentence. That's correct, Your Honor. All right, so the whole question is whether the change in the sentence for five grams is retroactive. That's correct, Your Honor. Okay, and you say it's not. It is discretionary under the First Step Act, Your Honor. Discretionary isn't a question. Tell me where retroactivity is made discretionary. Retroactivity means it's either in effect or it's not. I don't understand the notion that retroactivity is an optional idea. And that's noted by the plain language of the First Step Act. The plain language... The First Step Act says a judge may refuse to reduce a sentence. That's correct, Your Honor. But the question is may he not reduce a sentence when the effect is to leave an illegal sentence in place. That is correct, Your Honor, and I believe that is noted by the plain language of the statute. It notes specifically, nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section. But you agreed that the statute of conviction today mandates nothing more than 20 years. If the defendant were charged today and sentenced with five grams of crack cocaine, yes, Your Honor, the court would be required to impose a sentence of 20 years. However, the defendant has not been charged and sentenced today. The defendant's sentence at the time was legal. It was valid within the statute of conviction. Let me ask you this question. Could the district court end the re-sentencing, sentencing to something that was imposed at that time, what you call illegal, but what the Congress has now declared to be an illegal sentence that would be today, an illegal based upon the policy of which it was done. I don't see the incentive of the government to want to push for an individual to have a sentence that Congress has said, we made some mistakes. If you go and look at the underlying reason, there's some reasons. They're saying they're disparate. You heard that word racial. They did this on purpose and they did it with information that was not correct. Congress is trying to correct something. It has some political restraints in doing it directly. And now the courts are moving in a direction. You're pushing the courts in a direction to say, well, just ignore those constraints that Congress has. Congress is trying to say, courts, you do fair and you do justice. Why don't you do right here? And we're going to give you the vehicle to do it. And yet the government comes and pushes all the heck with what Congress wants and the heck with what this evidence is. They say it's discretionary and you create this term discretionary retroactive. I agree with Judge Niemeyer. I do not believe there's such a thing. There's nothing between retroactive and the way it is in perspective. I mean, it's either retroactive or not. But let me ask you this question. Could the district court pose a sentence that's between the current sentence that is a sentence that was opposed back then and the statutory maximum now? Could it impose a 25 year sentence now? No, your honor. And that is noted specifically by the first setback because it provides that. No, you gave me my answer. I got you. I agree with you. I do not is stuck between maintaining a severe sentence and not reducing the sentence at all. That's the only choice you're telling me the court has. Is that correct? The question that. No, no, listen to my question because that's a very simple question. And I think you've answered it. And that is the court under your interpretation can only impose either the sentence that was administered or not reduce it at all. The court can either reduce the sentence within the constraints of the Fair Sentencing Act that would be applied at the time the cover defense was committed or the court can decline to reduce a sentence. But it couldn't give a sentence between that current sentence and the maximum sentence here. No, your honor. I believe that's correct. So you see where I'm going with that? You see where I'm going with it? The court is restrained. You've just taken a whole chunk of a sentencing, a sentence opportunity for the court away under your interpretation between 40 and 25 years. Cannot get that sentence. So you can only get 40 or you got to drop down. We took to the statutory maximum rate. Yes, you are. And the reason is because the court is imposing a sentence. The court cannot impose a sentence. The reason is because that is what you argued here today. I mean, it does not. It doesn't seem to follow at all. I mean, I don't I don't see why this is such a major issue for the government to to to pursue that when you're dealing with retroactive under the Fair Sentencing Act, Congress is seeking to do something here. Congress has done it. It comes to the court. And in fact, the court and the government figures out a way to basically say, well, some folks were going to do this one. Some folks were not. That can't be fair. A different judge could rule differently is what you're telling me. And I understand that. That's that. That is the phenomenon in sentencing. But when you're dealing with this kind of situation, the role of the appellate court, we ought to try to make sure that the purpose, the very purpose of the Fair Sentencing Act and the reason we have these strictures on sentencing, we ought not have different defendants having to in different cases as much as we can. We want the judge to have some discretion. We want him to do things. But there's guidance here provided by Congress. So don't you think we ought to provide that guidance in light of what the what Congress intends that the language here is in the statutes, the Fair Sentencing Act retroactive? I would submit that Congress has provided that Surely they have. I agree they have. The problem is we, the courts now are put in the position. Do we now thwart that which Congress has provided for by seeking to work around it for some folks, but not for others? It all depends on the judge. You've handled it. Did you actually do this? Were you in the trial court on this? I was on the First Step Act motion. Yes, Your Honor. Have you had cases in which judges would rule differently on a similar situated case? That is possible. I do not recall a similar case to this one specifically because the defendant had such Do you have any problem in saying that perhaps it makes a great difference on which judge it goes before for this particular issue? It could depend on a judge, but more importantly, it depends on the facts. And do you have any problem saying that it ought not to make that big of a difference for a defendant, depending on the judge, particularly when Congress has indicated its intention? I understand discretion. When you give these guidelines, you give ranges. They are always there. But here we have something we all know in this room right now. Something is wrong with the way this was done. We knew it then. And finally comes up, Congress goes to his policy decision, has testimony. He had people to testify before Congress. Let me remind you, you know this. It went up there and said, well, you know, this crack cocaine is really worse than powder cane by far. It is horrible. Turns out it's an absolute lie. It is not even close to being any different than powder and crack. And yet the sinister disparity that Congress worked out for that previous one reflected that. And we know it was aimed, or it had the effect of affecting poor and minorities in far greater numbers than others. And as much as we want in our country to not do that sort of thing, and we want to, but we don't want to have to come back and admit it. I understand Congress is not going to come back and admit that straight up. It tells me how is the justice served here by undertaking a position you take in this case? Tell me. Sure, Your Honor. And in this case specifically, if the defendant had been charged under the Fair Sentencing Act and sentenced under the Fair Sentencing Act at the time of his conviction in this case, he would be subject to the same penalties under the Fair Sentencing Act as he would have been if the court decided to reduce his sentence under the Fair Sentencing Act. The penalties wouldn't change. His drug weight was so vast. He was held accountable for over five kilos of crack cocaine. And I would note specifically... Would it have made a difference if he'd had five kilos of powder cocaine? If he had had five kilos of powder cocaine, I believe he would still be subject to the same penalties. So you're saying that the penalties for powder cocaine and crack cocaine were the same back then? No, Your Honor. I am saying that the threshold of cocaine would have been met by that drug weight. The threshold of crack would have been met by an enormous amount because only 280 grams are required to meet the minimum threshold for the 41B1A. Today, he was charged with a five gram amount. And today, the most he could receive for that offense, regardless of the relevant conduct. And the relevant conduct shows he had many more grams than that. That's amply shown. But if he were to be charged with a five gram amount, regardless of how much conspiracy was and how many drugs he trafficked in, he could only get 20 years. If he were sentenced under that threshold today. Yes, Your Honor. That is correct. That maximum is incorporated into the sentencing guidelines, right? As the maximum. It is, Your Honor. The sentencing guidelines were made retroactive, were they not? The guidelines, in this case, are not made retroactive. If the defendant is under... I thought, and Chambers noted, that the changes in the Fair Sentencing Act were made retroactive by the First Step Act. The court in Chambers, I don't believe, noted that... Is that... I just want to know the principle. Is that an erroneous principle? I'm maybe operating under a total misunderstanding, but I thought the First Step Act made the Fair Sentencing Act retroactive. It did not make it retroactive because retroactive implies that it would be mandatory, whereas the First Step Act... It does not. Retroactive means it's applicable. It means that today's rules are applicable back then, non pro ton. In other words, retroactive has now... It was a legal sentence when imposed. It would not be a legal sentence today. If the sentence for today was made retroactive, then you have the question, when the judge leaves that sentence alone, he's leaving alone an illegal sentence. Then the question comes, now when he's asked to make it retroactive, he has discretion. The question is, what constitutes an abuse of discretion? And of course, the final step would be he leaves in place an illegal sentence. Seems to me that's not a hard step to conclude that you can't do that. And Chambers basically says that, right? There are the qualifications for a heavy sentencing because the career offender status was made retroactive. A career offender status, yes, Your Honor, but not the statute for... And so that became an illegal sentence to apply, even though it was legal when applied. Retroactively, it became illegal because of the Chamber. That is correct. That is what the Chambers Court decided. In this case, Your Honor, the Fair Sentencing Act has not been made retroactive in that sense. The defendants are eligible for a reduced sentence. However, nothing requires the court... I understand that, but I thought you told me it would be illegal sentence today, sentence this gentleman today, more than 20 years for that statute violation. Under the same threshold amount of drugs and today, yes. Everything the same, but today he got a max under this statute of 20 years. Yes, Your Honor, if a sentence were imposed today. I think the key is whether the sentence is imposed or not. That ignores the concept of retroactivity, but I understand your position. And one, I believe I have only a few more seconds. I would just like to note, unless the court has any other questions, I would like to note the spirit and the fairness of the Fair Sentencing Act. I believe Judge Wynn pointed on this earlier. And what the impact of procedural reasonableness should have in our decision here. The impact of procedural reasonableness, Your Honor? Yes. Your Honor, I believe that the procedural reasonableness of this sentence is noted by the court's decision and the reasons that the court gave. My question is really, is in resentencing, must a judge do so with procedural reasonableness and support it with some type of compelling justification when you have this great of a variance between the sentence? I believe that this court has determined that a court... Understand my question. I'm not being argumentative. I'm just trying to understand your position on that. And that is, understand the question. The question is simple. If you have this big of a variance and the judge has this wise discretion, must the judge employ procedural reasonableness and support it with some sufficient compelling justification to indicate why that variance is going to be allowed at the higher end? The court does have to justify its reasons. Yes, Your Honor. And in this case, the court did that. The court noted the seriousness of this offense. Well, I think the court was impressed by the notion of the murder cross-reference. Yes, Your Honor. A 30-year sentence was appropriate for that conduct regardless. And I think that came through pretty clearly that that was why the court stuck with its guns. The only question I have, and I'm not speaking for the other judges, but the question I have is the impact on these two acts on that sentencing. And one act reduced the sentence, but that could only be prospective. And then the second act seemed to make it retroactive. You say not so. The second act, of course, didn't require a judge to make an adjustment, but there's a big range within original sentencing. And in this case, the range that the original sentence authorized goes beyond what would be legal under the retroactive sentence. That's my only concern. And I understand your position about the discretion, but the whole question here, and the judge has a lot of discretion, and we've approved it in case after case. Judges have said, I'm not going to reduce the sentence because of this or that. But the question is when you're faced with a chambers-type situation, which I think this probably is, because the criteria for the original sentencing have now been changed and undermined the original sentencing if it were sentenced today. And the question is now, is it an abuse of discretion not to recognize the illegality of continuing with an illegal sentence now, as chambers observed? That's my question. And I guess you're saying retroactivity has, can be applied discretionarily, even though Congress seemed to indicate that it wanted this to apply in hindsight. Yes, Your Honor. And I think Congress noted specifically that it wanted it to apply discretionarily. And that's noted by section 404C when it said that nothing requires the court to reduce the sentence. And I think you're right on that. The only question is if you have a new sentence, if you have a change which now makes the old sentence illegal, not, in other words, if you're in a range of zero to life, the judge can choose to reduce it or not, because life's the maximum. But here it was 40 years reduced to 20 years. And the judge originally gave 30 years, which is now above the 20 years. And the question is, what's the consequence? And as a policy matter, we would be trampling, wouldn't we, Congress's purpose in trying to get all these back in line with the 2010 Act? No, Your Honor, because Congress made it discretionary. The sentence is still legal today and the court can decide not to reduce the sentence under the Act. And then, of course, there's a piece of discretion at that point. Okay. Thank you for your time. Does that cover it? Yes, Your Honor, I believe so. Thank you for your time. Thank you. You held him. Ms. Albro? I would just address a couple of points that came up during the government's argument. Can I ask you, before you get into that, can I ask you what your understanding is about whether the First Step Act made the fair sentence retroactive or not? I believe it did make it retroactive. And I believe that in chambers, this court said, I mean, the quote is, in effect, it, referring to the First Step Act, makes those sections of the Fair Sentencing Act retroactive. So it was referring to sections two and three of the Fair Sentencing Act and how those sections became retroactive via the First Step Act. And it wasn't anywhere in the briefing, but the Jones case out of the 11th Circuit 962 F3D 1290 refers to the district courts applying the reduced statutory penalties for crack cocaine offenses retroactively. So I think the government's question is the whole application of the First Step Act is an application that is discretionary. The court can step back and say, I'm not going to grant the relief. I look at it and for reasons of the seriousness of this, I think in this case, basically, it was the murder cost reference. But the judge said, I'm not going to engage in the First Step Act and exercise the discretion not to even apply the it because it gives discretion. And then the question is whether there is an abuse, I think. But I do think that the discretionary clause, even in these circumstances, is confusing because it's not explained that there are limits on it. But as I cited my brief... I don't know if there's limits on it. It's a question of what constitutes an abuse. As you know, as a general principle, if a court commits an error of law, that constitutes an abuse of that many times. And so the question is whether this is an error of law to let stand an illegal sentence. And I think that's the issue. The discretion's there. I don't think we, if we're going to honor Congress, we have to honor that too. I think that it's retroactively applicable and that's where there becomes a tension. It seems to me, your colleague seems to take issue with that. Saying that a fair sentencing act could be retroactive in some cases and could not be in other cases. And I'd like to look at that closer again before coming to any conclusion for myself. Yes, Your Honor. I believe the discretionary clause as written in the First Step Act and retroactivity, that those two things, it's hard for those two to coexist. And I do believe the First Step Act is retroactive. Is there a new guideline that makes the sentence change retroactive? I don't know if there's a new guideline. I know at the time that the Fair Sentencing Act came out, those changes were incorporated into the sentencing guidelines and there was a provision that they were retroactive such that my office filed many motions related to that because the Sentencing Guidelines Commission did allow for those changes to the guidelines to be applied retroactively. So to the extent that those are incorporated because the First Step Act made the Fair Sentencing Act retroactive, I suppose it could be tied in that way. But to be fair, I haven't researched it. I think there were various guidelines that made changes retroactive in order to have people who were sentenced under a stricter drug trafficking scheme to have the benefit of a more lenient scheme. Well, when a person, maybe I'm... I don't know what guidelines those are. Well, the most favorable guidelines should be applied. So usually when a defendant is sentenced, he's subject to the most favorable guidelines. Well, I understand, but my whole question is focusing on retroactivity because nobody is disputing the fact that the judge imposed a legal sentence in this case when imposing it. The whole question is what happened after that in terms of not only the sentence or the statute under which he was sentenced, which we know was changed, but then the question is whether the guidelines in the Fair Sentencing Act and the First Step Act gave somebody earlier the benefit of that. Yes, sir. I see my time is up. I don't know if I can answer your question because I'm not certain. I haven't looked into it or I'm not certain what guidelines that you're referencing. Well, I'm not sure either. That's why I'm asking you. So I apologize. I don't know if there's something that... I'm happy to look into it if the court would want supplemental briefs after argument. Anything else? Okay. Thank you, your honors. Thank you. Appreciate this discussion and nothing that I've said indicates where I'm going to be coming out. I prejudged sort of hard on this. Normally, our practice is to come down and brief counsel at this point and it's a position that I think the whole court values. Obviously, we can't do it today, but I want to extend our gratitude and pleasure with hearing your arguments and when you come again the next time, I hope we'll be able to shake hands. Thank you very much. We'll proceed on to the next case. Thank you. Thank you, your honor.
judges: Paul V. Niemeyer, James A. Wynn Jr., Henry F. Floyd